AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
|  | ) | (For **Revocation** of Probation or Supervised Release) |
| v. | ) |  |
| Brandon Edward Nichols | ) | USDC Case Number: CR-21-00401-001 BLF |
|  | ) | BOP Case Number: DCAN521CR00401-001 |
|  | ) | USM Number: 77971-097 |
|  | ) | Defendant's Attorney: Jessica Yu, AFPD |

**THE DEFENDANT:**

☑ admitted to Charge(s): <u>One, Three, Four, and Five</u> of the Petition for Summons filed on <u>June 25, 2024</u>.

☐ was found in violation of Charge(s): _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Charge Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| One | Not commit another federal, state, or local crime | February 24, 2022 |
| Three | Not knowingly leave the federal the federal judicial district | July 11, 2023 |
| Four | Not commit another federal, state, or local crime | June 2, 2023 |
| Five | Not unlawfully possess a controlled substance | June 2, 2023 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ Charge <u>Two</u> is dismissed on motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: <u>2099</u>

Defendant's Year of Birth: <u>1991</u>

City and State of Defendant's Residence:
<u>San Jose, California</u>

12/3/2024
Date of Imposition of Judgment

*/s/ Beth Labson Freeman*
Signature of Judge

The Honorable Beth Labson Freeman
United States District Judge
Name & Title of Judge

December 4, 2024
Date Signed

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT: Brandon Edward Nichols  
CASE NUMBER: CR-21-00401-001 BLF  
Judgment - Page 2 of 5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**13 months custody.**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

☐ as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT:  Brandon Edward Nichols  Judgment - Page 3 of 5
CASE NUMBER:  CR-21-00401-001 BLF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **23 months**

## MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state, or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case of Revocation

DEFENDANT:  Brandon Edward Nichols  Judgment - Page 4 of 5
CASE NUMBER:  CR-21-00401-001 BLF

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity.  You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
              Defendant                                                      Date


         _____          _____
         U.S. Probation Officer/Designated Witness            Date

DEFENDANT:  Brandon Edward Nichols  Judgment - Page 5 of 5
CASE NUMBER:  CR-21-00401-001 BLF

## SPECIAL CONDITIONS OF SUPERVISION

<u>Prior Conditions</u>

1. You must submit to a search of your person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. You must warn any other residents that the premises may be subject to searches pursuant to this condition.

2. You must provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, you must participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

4. You must not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, you must participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

6. As directed by the probation officer, you must participate in a program of outpatient mental health treatment.

7. As directed by the probation officer, you must participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

<u>Additional Conditions:</u>

You must pay the total criminal monetary penalties as originally imposed, less any payments already received:

    Special Assessment:  $<u>100</u>